Mr. Justice Moore
delivered the opinion of the Court.
Plaintiffs in error were defendants in the trial court and we will refer to them as defendants. The action was commenced in the trial court by the defendant in error to whom we will refer as the plaintiff. By his complaint he sought to recover damages resulting from an automobile accident which occurred at the intersection of South Washington Street and East Iowa Avenue in the City and County of Denver.
The answer filed by the defendants denied the negligence attributed to them in the complaint. Further, it contained allegations that any injury complained of by the plaintiff “was caused either by the sole negligence of the plaintiff or by the contributory negligence of the plaintiff.”
The case was tried to a jury which returned a verdict in favor of the plaintiff in the amount of $12,500.00. A motion for a new trial was filed and overruled. Judgment was then entered on the verdict. The case is before this court on defendants’ application for supersedeas which requests that a final determination be made. The plaintiff also requests a final determination on the application for supersedeas. Counsel for each of the parties expressly agree that the briefs submitted are sufficient to present their respective views, and that they have no intention of making any further or different arguments than those set forth in their written briefs.
The sole ground upon which defendants rely for reversal of the judgment is that the trial court erred in refusing to give an instruction which was tendered by their counsel and refused by the trial court. That instruction reads as follows:
“You are instructed to return your verdict in favor of the defendants, if you find and believe from a preponder *276 anee of the evidence that the defendants were not guilty of any negligence which was a proximate cause of the injury sustained by the plaintiff.”
This offered instruction is not an accurate statement of the applicable law in that it is inconsistent with a proper instruction on burden of proof.
We have read the full transcript of the evidence and have given due consideration to all of the instructions given by the court. Under the circumstances disclosed by this inquiry we hold that no prejudicial error was committed by the refusal of the trial court to give the instruction tendered by defendants’ counsel. In view of other instructions which the court did give, it is inconceivable that the jury misapprehended the applicable law, or that it was in any way misled, to the prejudice of the defendants by the failure to give the tendered instruction.
The judgment accordingly is affirmed.